# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00473-CR

**Herman Lee Kindred, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 24CCR01048, THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Herman Lee Kindred was deemed indigent and appointed counsel prior to trial. *See* Tex. Code Crim. Proc. art. 26.04(a), (p); *see also* Tex. R. App. P. 20.1(b)(1) (explaining that indigency determination in trial court generally carries forward on appeal). However, Kindred subsequently filed a motion to represent himself and waived his right to an attorney. His appointed counsel filed a motion to withdraw, which was granted by the trial court. Kindred represented himself at trial and was convicted by a jury of misdemeanor assault and sentenced by the trial court to 365 days in the Bell County Jail. He filed a pro se notice of appeal from his conviction. The record reflects that the trial court has made no subsequent finding that Kindred's financial circumstances have materially changed since he was determined to be indigent. *See* Tex. Code Crim. Proc. art. 26.04(p).

Kindred's brief in this appeal was first due on January 15, 2025. Appearing pro se, he has now filed a motion for appointment of appellate counsel and a motion for an extension of time to file his brief.

In criminal proceedings, an indigent defendant is entitled to have an attorney appointed to represent him on appeal. *Id.* art. 1.051(d)(1). And it is the trial court that must determine whether Kindred is indigent. *See id.* art. 26.04(b); Tex. R. App. P. 20.2. Accordingly, we abate the appeal and remand the cause to the trial court to determine whether Kindred is indigent and, if so, whether he desires to have appellate counsel appointed to represent him in this matter. *See* Tex. R. App. P. 37.3(a)(2). If Kindred wishes to have counsel appointed and is indigent, the trial court should make appropriate orders to ensure that he is adequately represented on appeal. *See Lozano v. State*, No. 03-23-00660-CR, 2023 WL 8720712, at *1 (Tex. App.—Austin Dec. 19, 2023, order) (mem. op., not designated for publication). After making these determinations and orders, the trial court should order the appropriate supplementary clerk's record and reporter's record (if any) to be prepared and forwarded to this Court no later than March 7, 2025. Kindred's pending motions are dismissed as moot.

It is so ordered February 21, 2025.


Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed:   February 21, 2025

Do Not Publish

2